## No. 9038.

## DENVER & RIO GRANDE RAILROAD COMPANY v. SIMINOE.

RAILWAY COMPANY—*Duty to Fence Track—Yard Limits.* The yard
limits of a railway station must be regarded as at least co-
extensive with the sidetracks and switches existing and cus-
tomarily used for the transaction of business at such station.
Injury to an animal within such yard limits, no negligence of the
railway employes being shown, affords no action.

*Error to Mesa County Court, Hon. N. C. Miller, Judge.*

Mr. E. N. CLARK, Messrs. GRIFFITH, WATSON & SMITH,
Mr. G. A. LUXFORD, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

THIS action was commenced in a justice of the peace
court of Mesa County by Siminoe, as plaintiff, against the
Denver & Rio Grande Railroad Company, to recover dam-
ages for the value of plaintiff's cow, which was killed by
one of defendant's trains. On appeal to the County Court,
the verdict and judgment were for plaintiff, and the com-
pany brings the case here on error.

Defendant maintains the ordinary station buildings,
grounds and yards at Whitewater, Colorado, which is an
unincorporated town or village of about 100 inhabitants.
The railroad, coming from the south from Denver, turns on
a sharp curve to the west as it passes through town. At
the time of the occurrence, the freight train which killed
the cow passed through town from the south without stop-
ping. On account of the curve, the engineer was unable to
see the track ahead for more than about 200 feet. The

head brakeman, riding on the fireman's side of the cab at the time, saw a bunch of cattle near the track just as the train passed the depot building, and as they seemed about to turn to go upon the track, he yelled "cattle" to the engineer, who immediately blew his whistle and applied the emergency brakes, but was unable to stop the train before reaching the cattle, which had come upon the track, and were trying to go west over a cattle guard. Two of them, of which one was the property of plaintiff here involved, went through the cattle guard and were struck by the engine and killed. The right of way of the company at this point is unfenced on the south, where the cattle came upon the track, and the action is based on the stock killing statute of 1911.

Section 1, S. L. 1911, p. 400, provides inter alia:

"That every railway company or corporation whose lines or road, or any part thereof, is open for use, shall, within six months after the passage of this act, and every railway company or corporation formed or to be formed, but whose lines are not now open for use, shall, within six months after the lines of such railways or any part thereof are open, except at the crossings of public roads and highways, and within the limits of incorporated towns and cities, or the yard limits of established stations, erect and thereafter maintain fences on the sides of their said roads  *  *  *."

It is the contention of the company that this case comes within one of the exceptions mentioned in the statute, to-wit, that the accident occurred within the yard limits of an established station, where the road was not required to be enclosed, and as no negligence or carelessness on the part of the company was established to show liability, notwithstanding the track was not required to be fenced, it is not responsible for damages occasioned by the killing of the animal in question. The testimony is without substantial conflict, and the position of the company seems to be clearly established by the evidence. The killing was in yard limits, which fact overcame the *prima facie* case of negligence, and

there was no evidence of negligence notwithstanding.   As to the yard limits of the company at this station, the undisputed testimony shows that there is a side or passing track some 3,000 feet in length which parallels the main track at the station, where the accident occurred.   This side track extends several hundred feet west of the point where the cattle were killed and to the east and south quite a distance beyond the station house, and is equipped with the usual switch stands.   The testimony shows that this side track is necessary for handling the trains and business of the company at Whitewater, and is often inadequate for that purpose; therefore, the station yards or grounds must be considered to be of sufficient extent to include within its limits this sidetrack and switch stands.   *Denver Co. v. Bird,* 60 Colo. 259, 152 Pac. 911.

As the cattle, including the animals killed, were within the yard limits when first discovered, and the point at which the accident occurred is also embraced therein, and it further appearing that no negligence on the part of the company or its employes was established, notwithstanding, as required by the act, the judgment is reversed and the cause remanded with directions to the lower court to dismiss the action.

Reversed and remanded.

Chief Justice Hill and Mr. Justice Scott concur.